UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

FRANK FOTI,

                Plaintiff,

         -v.-

CITY OF NEW YORK

                Defendant.

------------------------------------------------------------x

09 Civ. 944 (GEL)

**ORDER**

GERARD E. LYNCH, District Judge:

      In this action alleging constitutional and state law claims for excessive force and false imprisonment, defendant City of New York seeks an order compelling plaintiff to sign a release to permit defendant to review otherwise-sealed records of the New York City Police Department in order to prepare its answer, and an extension of time in which to do so. Plaintiff argues that he should not be compelled to sign the release without a reciprocal commitment that the City will share any documents thus unsealed with plaintiff. The parties have submitted the dispute to the Court by joint letter.

      As explained by Judge Maas in his thoughtful opinion in Cabble v. Rollieson, No. 04 Civ. 9413, 2006 WL 464078, at *8-*10 (S.D.N.Y. Feb. 27, 2006) – which the City cites but which plaintiff's counsel, who cites no authority at all in his portion of the letter, appears not to have read – this Court routinely grants orders compelling plaintiffs to sign such releases and such orders do not constitute discovery that may only be conducted after issue is joined. The City is entitled to review its own documents to understand the facts and prepare an answer, and is prevented from doing so only by the sealing provisions of NYCPL § 160.50(1), which plaintiff has waived by filing this action. Id.

      There is no requirement that the City agree to share any documents that are thus unsealed. While it is extremely likely that all such documents will be discoverable, until the documents are unsealed the City is not in a position to determine whether any such documents are subject to a privilege or are otherwise not subject to disclosure. Further, as plaintiff himself suggests, it appears unlikely that any such records even exist (other than the police report that is a matter of public record, a copy of which plaintiff has already obtained). This dispute is thus a bit of a tempest in a teapot.

      Accordingly, it is hereby ordered that plaintiff execute the requested release, and transmit it to defendant, by May 6, 2009. Defendant's time to answer is extended to May 29, 2009. Neither deadline will be extended absent compelling and unforeseen circumstances.

SO ORDERED.

Dated: New York, New York
April 30, 2009

_____
GERARD E. LYNCH
United States District Judge